Argued January 5, affirmed February 1, petition for rehearing denied February 21, 1967

WINEBERG PROPERTIES, INC., *Respondent,*
*v.* CASCADIA LUMBER COMPANY,
*Appellant.*

423 P. 2d 173

*John F. Reynolds,* Portland, argued the cause for appellant. On the briefs were McCormick & Reynolds, Portland.

*Bruce W. Williams,* Salem, argued the cause for respondent. On the brief were Williams, Skopil & Miller, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

In 1951 plaintiff[①] sold defendant the timber from a large tract of land owned by plaintiff. As a part of the purchase price, defendant agreed to pay plaintiff seventy-five cents per thousand for all "lumber manufactured" at defendant's mill. The seventy-five cents per thousand was to be paid for all of the lumber manufactured by defendant, whether or not it came from plaintiff's land. In 1958, defendant caused a gang mill to be built adjacent to defendant's mill for the purpose of cutting small logs. The gang mill was built and operated for defendant's benefit by a third person. The lumber cut in the gang mill was finished in defendant's planing mill. The parties then quarreled as to whether the 1951 contract required defendant to pay plaintiff the seventy-five cents per thousand for the lumber which was rough cut in the gang mill and finished in defendant's planing mill. The dispute also involved plaintiff's refusal to permit small logs from his land to be cut in the gang mill. Plaintiff brought this action to recover the seventy-five cents per thousand which defendant had refused to pay. The trial court, without a jury, found for plaintiff. Defendant appeals.

Defendant's brief is largely devoted to argument that the term "lumber manufactured," used in the 1951 contract would not apply to that part of the present operation involving the gang mill. It is argued that the term "lumber manufactured" is of precise meaning and that it does not include merely finishing the lumber in defendant's planing mill. Defendant cites many cases that have applied a definition to the word manufacture. Words and Phrases devotes more than

---

[①] The sale was by plaintiff's assignor, but the difference is immaterial.

20 pages to synposes of cases attempting to define it. If the precise meaning was apparent in each case, these would be unnecessary.

Aside from that, however, the evidence discloses that this case cannot be decided by finding and applying a definition of the word manufacture. The real dispute was a factual one involving the purpose for the construction and operation of the gang mill and the relationship of that operation to the 1951 contract. For whose purpose and benefit was the gang mill built, and the true relationship of the gang mill to defendant's operation became the disputed issue. There was evidence permitting a belief that the gang mill was, in reality, an integrated part of defendant's mill; that for all practical purposes it was defendant's operation and that in respect to the 1951 contract, it made no difference whether or not the lumber was first cut in defendant's mill or in the gang mill. Some of the defendant's evidence would indicate a different use and purpose for the gang mill. During the course of the trial, in response to questions by the court, defendant's counsel conceded that for some purposes it sought the same construction of the contract that plaintiff did, i.e., the gang mill was built and operated as an integral part of defendant's mill.

It is apparent from the record that this was a factual dispute and that the evidence clearly supports the trial court's resolution of the dispute. *Buckler v. Hood River County,* 1959, 218 Or 293, 304, 305, 341 P2d 555.

Affirmed.